IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CREDIBLE POOLS, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:24-43 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| MAURA SOUTH and CONTINENTAL CASUALTY COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending is Plaintiff's Motion to Remand to State Court (Doc. 9), as well as Defendant Continental Casualty Company ("CCC")'s Motion to Sever (Doc. 15) and Motion to Dismiss for Failure to State a Claim (Doc. 18). For the reasons that follow, the Court will grant Plaintiff's Motion and remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania. The Court will deny CCC's Motion to Sever and Motion to Dismiss.

### I. MEMORANDUM

**A. Background**

This case arises out of a motor vehicle accident involving a van owned by Plaintiff Credible Pools, LLC ("Plaintiff" or "Credible Pools") that resulted in damage to the vehicle and injuries to Plaintiff's employees. Plaintiff, a Pennsylvania resident, commenced this action on or about October 10, 2023, by filing a Complaint in the Court of Common Pleas for Allegheny County, Pennsylvania against both the motor vehicle driver and Plaintiff's own insurer, CCC. (Notice of Removal (Doc. 1) ¶ 5 & Ex. A). The Complaint asserted three causes of action:

Negligence against the motor vehicle driver (Count 1), Breach of Contract against CCC (Count 2) and Statutory Bad Faith against CCC (Count 3).  *See* id. ¶ 6 & Ex. A.

Initially, Plaintiff's Complaint named the vehicle driver as "Mara Smith," also a Pennsylvania resident.  *See* id. Ex. A ¶ 2.  In November and December, 2023, however, Mara Smith contacted counsel for both Plaintiff and CCC, as well as law enforcement authorities, to inform them that Plaintiff had misidentified her as the driver.  *See* id. ¶¶ 6-7 & Ex. A.  Plaintiff's counsel followed up with the driver's insurance company, who confirmed the misidentification and provided the driver's correct name – Maura South – and address.  (Doc. 10-1).  On January 8, 2024, Plaintiff served a copy of her Complaint on Ms. South, who personally accepted service on behalf of "Maura M. South incorrectly listed as Mara Smith."  (Doc. 10-2).   Ms. South likewise resides in Pennsylvania.  *See* Docs. 10-2, 8.

Nevertheless, on January 10, 2024, Defendant CCC removed the action to this Court on diversity of citizenship grounds.  (Doc. 1).[1]   At the time of removal, the Complaint still listed "Mara Smith" as the individual tortfeasor defendant.  On February 6, 2024, Plaintiff filed an Amended Complaint in this Court, in which it substituted "Maura South" for "Mara Smith" as the driver defendant.  (Doc. 8).  Maura South answered the Amended Complaint on February 16, 2024.  (Doc. 14).

On February 8, 2024, Plaintiff filed a timely Motion to Remand based upon lack of subject-matter jurisdiction due to incomplete diversity.  (Doc. 9).  CCC opposes the Motion to Remand, arguing that Ms. Smith was fraudulently joined.  (Doc. 17).  CCC filed a related Motion to Sever seeking severance of Defendant South under Federal Rule of Civil Procedure 21

---

[1] According to the Amended Complaint, CCC is a foreign insurance company with its principal place of business in Illinois.  (Doc. 8 ¶ 3).

2

due to misjoinder in violation of Rule 20.  (Doc. 15).  Finally, CCC filed a Motion to Dismiss Counts II and III of the Amended Complaint against it for failure to state a claim.  (Doc. 18).  Plaintiff opposes CCC's Motions.  (Docs. 20, 23).

**B.      Analysis**

A defendant may remove a civil action from state court if it originally could have been brought in federal court.  28 U.S.C. § 1441(a).  If removal is based on diversity of citizenship, 28 U.S.C. § 1332, a proper exercise of federal subject-matter jurisdiction ordinarily requires both satisfaction of the amount in controversy and complete diversity between the parties.  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

The fraudulent joinder doctrine is an exception to the complete diversity requirement.  See id. at 215-16.  Where complete diversity is lacking, "the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."  Id. at 216.  A removing defendant who claims fraudulent joinder bears a "heavy burden of persuasion."  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  It must show "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985).  A claim is colorable if it is not "wholly insubstantial and frivolous."  Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992).  Moreover, "[i]t is logical that [the removing defendant] should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Id. at 851 (quotation omitted).

3

In analyzing a fraudulent joinder claim, the district court must accept all factual allegations in the complaint as true and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Boyer, 913 F.2d at 111. The fraudulent joinder inquiry is not governed by the Rule 12(b)(6) standard, which is "more searching than that permissible." See Batoff, 977 F.2d at 852 (observing "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted"). In sum, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111 (citation omitted).

CCC has not met its "heavy burden" here. Although CCC does not dispute that both Mara Smith and Maura South are Pennsylvania citizens for purposes of Section 1332, it seizes upon Plaintiff's misidentification of Mara Smith, arguing, that, because Mara Smith remained the individual defendant of record at the time of removal, Plaintiff necessarily had "no reasonable basis in fact or colorable ground" for supporting a claim against her. See Doc. 17 at 6-7. Although technically true, CCC's "gotcha" argument evokes the same disfavored gamesmanship the fraudulent joinder doctrine typically seeks to prevent. As CCC itself repeatedly has acknowledged, Plaintiff's intent was to sue the driver of the motor vehicle at issue. See, e.g., Notice of Removal ¶ 6 ("Plaintiff's Complaint alleges three causes of action – Negligence **against the purported driver of the vehicle** (Count I), Breach of Contract against CCC (Count II) and Statutory Bad Faith against CCC (Count III)." (emphasis added)). CCC additionally has declared that it did not consider removing the Complaint before learning of the misidentification because Mara Smith was a Pennsylvania resident. Id. ¶ 8. There also is no

4

suggestion or evidence that Plaintiff's misidentification of Ms. Smith was anything but an innocent mistake.

The few cases CCC cites in support of its fraudulent joinder argument are not only distinguishable, but they hail from district courts outside the Third Circuit and, thus, are not binding on this Court. (Doc. 17 at 6). The Court finds more persuasive the caselaw in line with Plaintiff's argument that the misidentification of an otherwise proper non-diverse defendant does not automatically satisfy a defendant's heavy burden of demonstrating fraudulent joinder. *See, e.g.*, Dever v. Family Dollar Stores of Ga., LLC, 755 F. App'x 866, 869 (11th Cir. 2018) (reversing finding of fraudulent joinder when Plaintiff intended to sue non-diverse store manager pre-removal, but misidentified that individual in her state court complaint); Dever v. Fam. Dollar Stores of Georgia, LLC, No. 2:17-CV-19, 2018 WL 6323078, at *4 (S.D. Ga. Dec. 3, 2018) (granting remand after appeal); *see also* Mathurin v. Hess Corp., Civil Action No. 2021-0176, 2022 WL 991378, at *6 (D.V.I. 2022) (distinguishing the post-removal addition of an entirely new defendant from the correction of the identity of a defendant added pre-removal).

For all of these reasons, the Court finds that CCC has failed to meet its heavy burden to establish fraudulent joinder and prevent remand of this action.

To the extent a misjoinder, rather than fraudulent joinder, analysis applies to Plaintiff's substitution of Maura South as a defendant post-removal, such analysis likewise fails to support CCC's severance arguments, and remand of the entire case remains appropriate. *See* Mathurin, 2022 WL 991378, at *5 ("In light of the peculiarities here, the Court will consider both the [misjoinder] and fraudulent joinder analyses.").

Here, even assuming that Section 1447(e) and/or Rule 21 apply to Rule 15(a) amendments as of right, the applicable factors weigh in favor of permitting Maura South's

joinder and ordering remand.  *See* 28 U.S.C. 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *see also* Mathurin, 2022 WL 991378, at *4 ("The Court has substantial discretion in deciding whether to permit joinder of a nondiverse defendant under Section 1447(e)."); Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987) (listing applicable factors); Avenatti v. Fox News Network LLC, 41 F.4th 125, 129 (3d Cir. 2022) (affirming Rule 21 analysis after a Rule 15(a) amendment and approving use of Hensgens factors).  Among the Hensgens factors weighing in favor of joinder and remand here are: (1) Plaintiff's purpose to correct the identity of a pre-removal defendant; (2) Plaintiff's lack of dilatoriness; and (3) the prejudice to Plaintiff if it is forced to maintain separate actions in two separate forums.  *See* id.

  CCC's additional argument that Maura South's joinder violates Rule 20 because Plaintiff's claims against Ms. South are "wholly independent, separate and distinct" from its claims against CCC likewise is unpersuasive.  Again, the claims here arise from the same motor vehicle accident and likely will involve some common questions of fact and/or law, including questions pertaining to damages.  Moreover, as Plaintiff notes in its response brief, Pennsylvania courts have permitted actions against a tortfeasor and the plaintiff's own insurer to proceed jointly past the pleadings stage in other contexts.  *See, e.g.,* Stepanovich v. McGraw, 78 A.3d 1147 (Pa. Super. Ct. 2013).  Under these circumstances, the Court agrees with Plaintiff that severance issues unique to this case, if any, are best decided by the state court at a more appropriate stage in the proceedings.

For all of these reasons, and because severance would not promote judicial economy, CCC's Motion to Sever is denied.

**C.    Fees**

Although remand is appropriate, Plaintiff's request for costs and fees will be denied. "[T]he standard for awarding fees [under 28 U.S.C.§ 1447(c)] should turn on the reasonableness of the removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Id.  The Court finds that CCC's arguments, although ultimately unpersuasive, do not fall below the objective reasonableness standard.

## II.  ORDER

Consistent with the foregoing, Plaintiff's Motion to Remand to State Court (**Doc. 9**) is **GRANTED**; Plaintiff's request for attorney's fees is **DENIED**; Defendant's Motion to Sever (**Doc. 15**) is **DENIED**; and this case is **REMANDED FORTHWITH** in its entirety to the Court of Common Pleas, Allegheny County, Pennsylvania (Civil Division, Case No. GD-23-11754). The Court is without subject-matter jurisdiction to decide Defendant's Motion to Dismiss (**Doc. 18**), and that Motion is **DENIED WITHOUT PREJUDICE.**  This case shall be marked **CLOSED.**

IT IS SO ORDERED.

September 25, 2024                                          s/Cathy Bissoon
                                                                            Cathy Bissoon
                                                                            United States District Judge

cc (via ECF email notification):
All Counsel of Record